*WALKER vs. DUNBAR. Dicks, Booker & Co. Interveners.*

An intervenor cannot retard the trial of a cause in which he interpleads.

APPEAL from the court of the third district, the judge of said district presiding.

PORTER, J. delivered the opinion of the court. This is an hypothecary action. The defendant pleaded that he was only a tenant at the time of the institution of the suit, and that he had given it up to another possessor. He further averred that the house of Dicks, Booker & Co. were the owners of the property, and he prayed that they might be cited in warranty to defend the suit. This answer was filed on the 12th of May, 1828.

The application to cite Dicks, Booker & Co. in warranty was opposed, and it is stated in the

record that after argument the court took time to advise. No decision appears to have been made on it; but at the following term these parties appeared, prayed leave to file their claim in intervention, and were allowed to do so.

In the answer, as it is called in this record, which the interpleaders filed, they require their vendors to be cited in warranty; and they afterwards moved that the cause might be continued, to enable them to have their warrantors cited. The court overruled the application and it is assigned as error that the judge erred in doing so.

The appellants rely on the 380th, 381st, 382d, and 383d articles of the code of practice, which confer the right on a party sued to have a continuance to enable him to cite in his warrantor.

The appellee contends that the appellants were not called in as warrantors—that they cannot be considered as defendants—that they voluntarily intervened in the suit—and that by the 391st article of the code of practice, interveners cannot retard the trial of the suit in which they interplead.

Eastern Dist.
March, 1829.

WALKER
vs.
DUNBAR.

We think as the appellants voluntarily appeared in the cause as intervenors, and not in pursuance of a citation in warranty, they must take all the responsibility which the law attaches to the character in which they thought proper to present themselves, and that the court below did not err in refusing their permission to continue the case.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Peirce*, for defendants.